UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PAUL DANIEL OSTERBYE and | ) | Case No. 08-40859-LMK |
| LORNA YVONNE OSTERBYE, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| DONALD F. WALTON, | ) | |
| UNITED STATES TRUSTEE, | ) | |
| REGION 21, | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| vs. | ) | No. 09- |
| | ) | |
| PAUL DANIEL OSTERBYE and | ) | |
| LORNA YVONNE OSTERBYE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT FOR DENIAL OF DISCHARGE**
**UNDER 11 U. S. C. § 727**

Plaintiff, Donald F. Walton, United States Trustee, Region 21, by Charles F. Edwards, Assistant United States Trustee, brings this action pursuant to 11 U.S.C. § 727 for the denial of the discharge of the Debtors, Paul Daniel Osterbye and Lorna Yvonne Osterbye, and for such other relief as may be appropriate, and alleges:

1. Plaintiff files this Complaint pursuant to 11 U.S.C. § 727 and Federal Rule of

Bankruptcy Procedure 7001. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(J).

2. Plaintiff, Donald F. Walton, is the United States Trustee for Region 21 (herein "United States Trustee") including the Northern District of Florida, having been appointed by the United States Attorney General.

3. Defendants, Paul Daniel Osterbye and Lorna Yvonne Osterbye, (herein "Defendants"), filed a voluntary Chapter 7 bankruptcy petition in the Tallahassee Division of the Northern District of Florida on November 26, 2008, Case No. 08-40859-LMK. The first date set for the meeting of creditors under § 341(a) of the Bankruptcy Code was January 5, 2009. On March 11, 2009 the Court entered an Order extending the deadline to file an objection to discharge under §727 to May 5, 2009 (docket no. 39). The filing of this complaint is timely pursuant to Federal Rule of Bankruptcy Procedure 4004 in that the complaint objecting to discharge under §727(a) is filed within the extended time as ordered by the Court.

4. The United States Trustee in this adversary proceeding seeks denial of the discharge of the Defendants under 11 U.S.C. § 727(a).

5. A discharge has not been entered in the bankruptcy case of the Defendants.

### ALLEGATIONS COMMON TO ALL COUNTS

6. The Defendants are individuals. According to the Petition filed in their

bankruptcy case, the debts are primarily business debts.  In the Statement of Financial Affairs filed under penalty of perjury in their bankruptcy case on November 26, 2008, the Defendants stated:  that they had no income year to date in 2008 from any source and that they had no income from any source in 2007;  that they had made no payments on loans, installment purchases of goods or services, and other debts to any creditor within 90 days prior to the filing of their bankruptcy petition with an aggregate value in excess of $600; that they had made no gifts or charitable contributions in the year prior to the filing of the petition;  that they had no losses from fire, theft, other casualty or gambling in the year prior to the filing of the petition;  that they had no property repossessed or foreclosed in the year prior to the filing of the petition;  that they had not transferred any property within the two years prior to the filing of the petition other than an interest in a "Beach house" in August of 2007 to an "unknown" person.

      7. In the Schedules filed under penalty of perjury in their bankruptcy case on November 26, 2008, the Defendants list $6,234,281.10 in unsecured debts, real property consisting of their residence with a value of $365,000.00, four parcels of real property consisting of fifteen lots located in Carrabelle and Lanark Village, Florida with a value of $1,525,000.00, and five mortgages on the combined Schedule A parcels of real property with a total amount owed of $3,599,355.00.  Schedule B lists a 2008 Toyota Tacoma with a value of $17,500.00 and a 2002 38 foot Rampage Boat with a value of $135,000.00. According to Schedule D there are liens of $20,003.00 on the Toyota and $245,048.00 on the Rampage Boat.  Schedule B lists the following other personal property:

3

|  |  |  |
|---|---|---|
| Cash on hand | $ | 100.00 |
| Funds on deposit | $ | 220.00 |
| Household goods | $ | 4,190.00 |
| Clothing | $ | 100.00 |
| Costume jewelry | $ | 150.00 |
| Firearms | $ | 335.00 |
| Paul's Plumbing Inc (100%) | $ | 0.00 |
| S & PNB, LLC (50%) | $ | 0.00 |
| **TOTAL:** | **$** | **5,095.00** |

8. Schedule I states both Defendants' occupations as "unemployed" with no income and Schedule J lists monthly expenses in the amount of $3,685.00. According to Schedules I and J, the Defendants' monthly expenses exceed their monthly income by $3,685.00.

9. At the meeting of creditors under § 341(a) of the Bankruptcy Code conducted on January 5, 2009, the Defendants appeared and testified under oath. The Defendants, in response to questions by chapter 7 trustee Theresa M. Bender, Esq., testified that they read and signed the Petition, Schedules, Statement of Financial Affairs, and related documents filed with the Court, that they were personally familiar with the information contained in those documents, and that to the best of their knowledge the information was true and correct. The Defendants also testified that they listed everything they owned and everything they had a right, title, and interest to in those documents. At this meeting, Ms. Bender stated the Defendants had listed only costume jewelry in Schedule B, and asked if the Defendants had any finer jewelry. In response to this question, Ms. Osterbye testified "I have my original wedding ring and my original engagement ring."

10. In response to questions at the January 5, 2009 meeting of creditors by Charles F. Edwards, Assistant United States Trustee, the Defendants testified that Mr. Osterbye was self-employed and not unemployed; that the Defendants had transferred their interest in a RV Park to their partner, Sid Gray, "at the time we were filing bankruptcy" for no consideration; that a trust named the "Osterbye Living Trust" held real property under lien to Wakulla Bank (they testified in response to questions by a creditor's attorney that the Defendants were the trustees of this trust) and their children were the beneficiaries of this trust; and that they had sold in 2007 two parcels of real property in Cypress Cove and a beach house located at 1988 Highway 98 in Carrabelle, Florida. When asked if they owned any personal water craft, they testified they owned a Polaris Waverunner. They also testified they previously owed a 10 foot Bombardier and a 10 foot Honda that were sold with the beach house located at 1988 Highway 98 in 2007, and that they separately sold a 21 foot "RGL01" boat in August of 2007. Finally, when asked if either Defendant currently had any interest in any business other than (a) Pauls Plumbing, Inc., (b) Paul and Son Plumbing, and (c) S & PNB, LLC, the Defendants testified they did not. The Schedules filed under penalty of perjury by the Defendants state that Mr. Osterbye was unemployed (Schedule I); that the real property under lien to Wakulla Bank is owned by the Defendants and not the Osterbye Living Trust (Schedules A and D); and the Polaris Waverunner is not listed (Schedule B). The Statement of Financial Affairs filed under penalty of perjury by the Defendants does not list the transfers of the Cypress Cove and Carrabelle parcels of real property, the transfer of the interest in the RV Park, or

the sale/transfer of the personal water crafts and boat.

11. Statement of Financial Affairs # 10 requires a debtor to "list all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case." Other than the "Beach house", the Defendants list no transfers in Statement of Financial Affairs #10 filed under penalty of perjury. The following transfers occurred within two years and were not listed or otherwise disclosed by the Defendants:

1. The Defendants transferred their interest in **real property and a 1991 Horton Mobile Home located at 2098 Foshalee Drive, Tallahassee, FL** (Lot 10, Block "E", Plantation Estates, Unit 2, Leon County, Florida) to Trulah H. Castaneda by warranty deed dated November 29, 2006 and recorded on December 1, 2006.

2. The Defendants transferred their interest in **real property located at 2352 Cypress Cove Drive**, Tallahassee, FL (Lot 11, Block "B", Cypress Cove, Leon County, Florida) to Thomas L. Vieth by warranty deed dated March 21, 2007 and recorded on March 27, 2007. According to the Settlement Statement, the sale price was $100,000.00 and the Defendants received cash from this sale in the net amount of $43,285.79.

3. The Defendants transferred their interest in **real property located at 2348 Cypress Cove Drive, Tallahassee, FL** (Lot 12, Block "B", Cypress

Cove, Leon County, Florida) to Joseph R. Sasson by warranty deed dated March 21, 2007 and recorded on March 27, 2007. According to the Settlement Statement, the sale price was $100,000.00 and the Defendants received cash from this sale in the net amount of $43,285.79.

12. Statement of Financial Affairs # 1 requires a debtor to:

State the gross amount of income the debtor has received from employment, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date the case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year.

Statement of Financial Affairs #2 requires a debtor to:

State the amount of income received by the debtor other than from employment, trade, professions, or operation of the debtor's business during the two years immediately preceding the commencement of this case.

The Defendants stated in response to Statement of Financial Affairs #1 and #2 filed under penalty of perjury on November 26, 2008 and their amended response filed on January 28, 2009 (docket no. 28) that they received no income in calendar year 2008 as of November 26, 2008 and that they received no income in 2007. According to the Settlement Statements for the undisclosed sales of the Cypress Cove real property, the Defendants received the gross amount of $100,000.00 for the sale of each of those lots ($200,000.00 total) in 2007. The Defendants also received the gross amount of

7

$1,038,000.00 for the sale of the "Beach house" located at 1988 Highway 98, Carrabelle, Florida according to the Settlement Statement for this sale that occurred in August of 2007. The Defendants failed to disclose gross income of $1,238,000.00 received in calendar year 2007 in the documents filed under penalty of perjury in their bankruptcy case.

13. In the Bankruptcy Schedules filed on November 26, 2008 under penalty of perjury in their bankruptcy case, the Defendants stated in Schedule B that they had no "stock and interests in incorporated and unincorporated businesses" other than (a) Pauls Plumbing Inc (100%) and (b) S & PNB, LLC (50%).

14. In response to Statement of Financial Affairs # 18 filed under penalty of perjury on November 26, 2008 the Defendants listed the following businesses:

Pauls Plumbing        Plumbing, installation and repair        1990-present

Question 18 requires an individual debtor in a bankruptcy case to:

> list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

Based on the Defendants' responses stated in Schedule B and Statement of Financial Affairs # 18, the Defendants denied under penalty of perjury any ownership, control, or

involvement with any corporation or other form of business within the six years prior to the filing of their bankruptcy case other than the two entities listed above. According to documents filed with the Florida Department of State, within the six years prior to the filing of their bankruptcy case the Defendants were officers, directors, and/or partners in multiple businesses as of the date of the filing of their bankruptcy case and within six years of the date of the filing of their bankruptcy case:

    1. **Carrabelle Beach RV Resort Condo Association, Inc**., a Florida non-profit corporation formed May 23, 2008. On November 26, 2008 Mr. Osterbye was the president and a director of this corporation, and Ms. Osterbye was the secretary, treasurer, and a director of this corporation. The 2009 corporation annual report filed on March 27, 2009 states the Defendants continue as officers and directors of the corporation, that Sidney Gray is vice president and S. & P.N.B., LLC is the registered agent, and the addresses of all the officers and the registered agent were changed to the Defendants' new residence address of 1843 Highway 98 West, Carrabelle, Florida.

    2. **Accurate Construction Bookkeeping, LLC**, a Florida limited liability company, formed March 6, 2008. On November 26, 2008 Ms. Osterbye was the manager and registered agent of this company. The 2009 limited liability company annual report filed on March 27, 2009 states Ms. Osterbye continues as manager and registered agent of this company, and

the addresses of the manager, registered agent, and the company were changed to the Defendants' new residence address of 1843 Highway 98 West, Carrabelle, Florida.

3. **Paul & Son Plumbing, LLC**, a Florida limited liability company, formed November 5, 2008. On November 26, 2008 Ms. Osterbye was the manager and the registered agent of this company. The 2009 limited liability company annual report filed on March 27, 2009 states Ms. Osterbye continues as manager and registered agent of this company and adds Mr. Osterbye as a manager.

4. **Kinemetrics, Inc.**, a Florida profit corporation formed April 10, 2001. The corporation was administratively dissolved September 19, 2003 (within six years of the November 26, 2008 filing date). Mr. Osterbye was the president of this corporation, and Ms. Osterbye was the secretary and registered agent of this corporation.

5. **Bridge Marine Boat Storage, Inc.**, a Florida profit corporation formed May 27, 2003. On November 26, 2008 Mr. Osterbye was a director of this corporation, and Ms. Osterbye was a director of this corporation. The 2009 corporation annual report filed on March 27, 2009 states the Defendants continue as directors of the corporation, that Sidney Gray is a director and the registered agent, and the addresses of all the directors the registered agent were changed to the Defendants' new residence address of

1843 Highway 98 West, Carrabelle, Florida.

6. **Rental Resort Properties, LLC**, a Florida limited liability company, formed May 22, 2008.  On November 26, 2008 Ms. Osterbye was the manager of this company and Ms. Osterbye was registered agent of this company.

15.   The Defendants testified at the meeting of creditors on January 5, 2009 that they had transferred their interest in a RV Park to their partner, Sid Gray, "at the time we were filing bankruptcy" for no consideration.  The Defendants through counsel provided the chapter 7 trustee a document entitled "Assignment" dated November 25, 2008 and signed by the Defendants that assigned their interest in S. & P.N.B., LLC, a Florida limited liability company, to Sidney E,. Gray.  The Assignment also states the Defendants resigned as managing members.  This transfer of the Defendants' interest the day prior to the filing of their bankruptcy case is not shown in the documents filed by the Defendants under penalty of perjury on November 26, 2009.  According to the Florida Department of State, **S. & P.N.B., LLC**, a Florida limited liability company, formed March 27, 2003 and on November 26, 2008 the Defendants were a manager of this company along with Mr. Gray.  The 2009 limited liability company annual report filed on March 27, 2009 states the Defendants continue as a manager of this company, adds Mr. Gray as registered agent, and the addresses of all the managers and the registered agent were changed to the Defendants' new residence address of 1843 Highway 98 West, Carrabelle, Florida.  Based

on the 2009 annual report signed by Mr. Gray that shows the Defendants as managing members, it appears the Defendants still have an interest in **S. & P.N.B., LLC,** notwithstanding their testimony at the meeting of creditors and the Assignment they provided to the chapter 7 trustee.

## COUNT I

16.  The Defendants have concealed, destroyed, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which their financial condition or business transactions might be ascertained, in violation of 11 U.S.C. § 727(a)(3).

17.  Based on this violation of 11 U.S.C. § 727(a)(3) the Defendants are not entitled to a discharge.

## COUNT II

18.  The Defendants knowingly and fraudulently, in or in connection with his bankruptcy case, withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to their property or financial affairs, in violation of 11 U.S.C. § 727(a)(4)(D).

19.  Based on this violation of 11 U.S.C. § 727(a)(4)(D) the Defendants are not entitled to a discharge.

## COUNT III

20. The Defendants knowingly and fraudulently, in or in connection with their bankruptcy case, made one or more false oaths or accounts, in violation of 11 U.S.C. § 727(a)(4)(A).

21. Based on this violation of 11 U.S.C. § 727(a)(4)(A) the Defendants are not entitled to a discharge.

## COUNT IV

22. The Defendants have failed to explain satisfactorily any loss of assets or deficiency of assets to meet their liabilities, in violation of 11 U.S.C. § 727(a)(5).

23. Based on this violation of 11 U.S.C. § 727(a)(5) the Defendants are not entitled to a discharge.

## COUNT V

24. The Defendants, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under Title 11 of the United States Code, transferred, removed, destroyed, mutilated, or concealed, or have permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the Defendants within one year before the filing of the petition, or property of the estate after the date of the filing of the petition, in violation of U.S.C. § 727(a)(2).

25. Based on this violation of 11 U.S.C. § 727(a)(2) the Defendants are not

entitled to a discharge.

WHEREFORE, the United States Trustee demands judgment denying the discharge of the Defendants, and such other and further relief as is just.

Dated: May 1, 2009

                                        Donald F. Walton
                                        United States Trustee, Region 21
                                        Plaintiff

                                        <u>/s/ CHARLES F. EDWARDS</u>
                                        Charles F. Edwards
                                        Assistant United States Trustee
                                        110 East Park Avenue, Suite 128
                                        Tallahassee, FL 32301
                                        850-521-5050
                                        FAX: 850-521-5055
                                        Florida Bar No. 270032
                                        charles.edwards@usdoj.gov