IN THE UNITED STATES BANKRUTPCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:                                              CASE NO. 2008-40859-LMK

PAUL DANIEL OSTERBYE and
LORNA YVONNE OSTERBYE,

    Debtors.

_____/

### MOTION BY DEBTORS TO DISMISS CASE AS IMPROVIDENTLY FILED

In accordance with 11 U.S.C. § 707(a), movants, Paul Daniel Osterbye and Lorna Yvonne Osterbye (jointly and severally "Movants") respectfully move the Court to enter an Order dismissing for "cause" the above referenced case as one that was improvidently filed by attorney, Thomas B. Woodward, the Movants' former attorney. As grounds for this motion, the Movants say:

1. On or about November 18, 2008, the Movants met with attorney, Thomas B. Woodward, regarding the filing of a potential bankruptcy case for the Movants. This meeting lasted approximately one hour. *See* attached Affidavit of Paul Daniel Osterbye (*Exhibit 1*). The Movants regarded this conference with Mr. Woodward as an initial conference for the purpose of exploring the Movants' financial circumstances with Mr. Woodward. The Movants left their November 18, 2008, meeting with Mr. Woodward expecting that there would be additional conferences would be required to prepare the appropriate bankruptcy papers.

2. When Movant Paul Osterbye telephoned Mr. Woodward's office one week later on November 26, 2008, to set another conference with Mr. Woodward, she was informed by Adrian, Mr. Woodward's legal assistant, that no additional conferences were required as Mr. Woodward had filed a bankruptcy petition for the Movants on that date because, according to Adrian, Mr. Woodward wanted to file the Movants' case on the same date that he filed several other cases for other clients. *See* attached Affidavit of Paul Daniel Osterbye (*Exhibit 1*).

3. At no time did Mr. Woodward present to the Movants any draft copies of the proposed Petition, Schedules or Statement of Financial Affairs so the

        Movants could review these documents to check to insure that these documents were entirely accurate and correct, or so the Movants could make revisions to the same so the documents would be entirely accurate. At no time did the Movants sign the Petition, Schedules or Statement of Financial Affairs so these "papers" complied with the requirements of Rule 1008, *Federal Rules of Bankruptcy Procedure*. *See* attached Affidavit of Paul Daniel Osterbye (*Exhibit 1*) and attached Affidavit of Lorna Yvonne Osterbye *(Exhibit 2)*. Indeed, as of the time of the creditors' meeting in January, 2009, Mr. Woodward never provided the Movants with copies of the "papers" which Mr. Woodward had unilaterally filed on November 26, 2008, so, as the result, the Movants were unaware of what information was or was not contained in these papers when the meeting began as the Movants had not seen or reviewed the papers and had not signed them. Obviously, the facts and information set forth in the Petition, Schedules and Statement of Financial of Financial Affairs were unverified, and did not comply with the requirements of Rule 1008, *Federal Rules of Bankruptcy Procedure.*

4.    On January 5, 2009, the Movants attended a creditors' meeting pursuant to notices received by the Movants from the Court. Prior to the creditors' meeting, the Movants again requested a conference with Mr. Woodward but were informed that Mr. Woodward was too busy to have a conference with the Movants prior to the creditors' meeting. In lieu of this conference, Mr. Woodward asked the Movants to meet with Mr. Woodward approximately 15 minutes prior to the creditors' meeting. In fact, when Mr. Woodward appeared at the meeting room for the creditors' meeting, Mr. Woodward did not speak with the Movants, so there was no pre-conference meeting between the Movants and Mr. Woodward prior to the creditors' meeting. *See* attached Affidavit of Paul Daniel Osterbye (*Exhibit 1*) and attached Affidavit of Lorna Yvonne Osterbye (*Exhibit 2)*. During the creditors' meeting, the Movants learned that the papers which Mr. Woodward had filed on November 26, 2008, contained numerous errors, omissions, and mistakes. The Movants also learned that Chapter 7 Trustee Theresa Bender had requested documents from Mr. Woodward but that Mr. Woodward asserted that Ms. Bender's request was made with regard to another case. Following the creditors' meeting, the Movants went to Mr. Woodward's office and spoke with his legal assistant, Adrian, regarding the Schedules and Statement of Financial Affairs that Mr. Woodward had unilaterally filed. Only then, in response to the specific demand by the Movants for copies of the documents which Mr. Woodward had unilaterally filed on November 26, 2008, did the Movants actually receive copies of the Petition, Schedules and Statement of Financial Affairs. Within the next several days, the Movants met with Mr. Woodward who assured the Movants that he would file corrected Schedules and Statement of Financial Affairs after he had provided draft copies of the same to the Movants for their review *prior to* filing the same.

    Nevertheless, Mr. Woodward did not provide the Movants with copies of the draft amendments to the papers before Mr. Woodward filed the same on January 28, 2009.  *See* attached Affidavit of Paul Daniel Osterbye (*Exhibit 1*) and attached Affidavit of Lorna Yvonne Osterbye (*Exhibit 2*).

5. Once again, Mr. Woodward filed the amended documents without according the Movants with any opportunity to review, consider, correct, modify or change the papers which Mr. Woodward had prepared.  And, once again, the Movants did not sign the amended Schedules and amended Statement of Financial Affairs prior to when Mr. Woodward filed the same with this Clerk of this Court. *See* attached Affidavit of Paul Daniel Osterbye (*Exhibit 1*) and attached Affidavit of Lorna Yvonne Osterbye (*Exhibit 2*).

6. On May 1, 2009, the United States Trustee filed a five count complaint via an adversary proceeding against the Movants seeking to deny them discharges under 11 U.S.C.§ 727(a) on account of the alleged failures by the Movants to keep and preserve papers from which the financial circumstances could be ascertained, on account of the alleged untruthful statements by the Movants in the Schedules and Statements of Financial Affairs that had been filed by Mr. Woodward, and on account of the transfers allegedly made by the Movants to hinder, delay or defraud creditors.  In regard to the defenses of this adversary proceeding, the Movants retained the undersigned attorneys to represent the Movants and the Movants learned of the improper and unlawful actions undertaken by Mr. Woodward in the regard to Case No. 2008-40859-LMK.

7. Sadly, this is not the first time in which the United States Bankruptcy Courts have confronted situations in which attorneys purportedly acting on behalf of a person who desired to file a bankruptcy case have forged the purported debtors' signatures on bankruptcy papers. This "cut corners" approach in circumventing the lawful requirements for filing a bankruptcy case has been universally condemned by the United States Bankruptcy Courts that have confronted this issue. In this Court's decision in *In re: Berton L. Brown,* 163 B.R. 596 (Bnktcy. N.D. Fla. 1993), this Court determined that a debtor's forged signature by his spouse purportedly acting under a power of attorney was a "legal nullity," and did not properly invoke this federal court's jurisdiction as the power of attorney did not specifically authorize the debtor's wife to file a bankruptcy petition for the debtor. In the words of this Court, "This Court is similarly convinced that the petition is a legal nullity.  The signature on the petition was forged by the debtor's wife without providing any indication that the document was signed by her in a representative capacity." Id. at 600. Accordingly, this Court dismissed the case.  This Court' determination in *Brown* is and was in keeping with the requirement under Rule 1008, *Federal Rules of Bankruptcy Procedure,* that the debtor must *personally*

sign under penalty of perjury the petition, schedules and statement of financial affairs.

8. The requirement that the debtor personally sign his or her petition, schedules, and statement of financial affairs is one that was mandated by the Supreme Court of the United States when the Court approved Official Forms 1, 6, and 7. This requirement was underscored by the decision of the United States Bankruptcy Court for the Western District of Texas in the case of *In re: Richard W. Neson*, 76 B.R. 101 (Bnktcy. W.D. Tex. 1987), when it confronted schedules and statements of financial affairs that had been signed by the debtor's attorney rather than signed by the debtor. In reaching its decision to sanction the debtor's attorney, the Court stated that: "The Court finds that there are serious questions of violation of the rules of the State Bar of Texas; the Court further finds that there are serious questions as to violations of federal law under the Bankruptcy Code; in fact, the debtors have not signed and sworn to the information required of a debtor under the Bankruptcy Code, 11 U.S.C. § 521. Mr. Evans may have subjected his clients to loss of discharge or revocation of discharge without their realization and without their affidavits." Id. at 103.

9. When a person presumes to file a bankruptcy petition for another, he or she---even an attorney---must be duly and properly authorized to act on the principal's behalf via a properly executed power of attorney authorizing the filing, and the agent must disclose that he or she is acting as the attorney in fact for the principal in filing the petition. *In re: Breton L. Brown,* 163 B.R. 596 (Bnktcy. N.D. Fla. 1993); *In re: Leroy Washington,* 297 B.R. 662 (Bnktcy. S. D. Fla. 2003). As stated by the bankruptcy judge in the *Washington* decision, "a petition is a legal nullity if the signature on the petition is forged." In this case, there was no signature by either Movant on the Petition, Schedules or Statement of Financial Affairs as neither Paul Daniel Osterbye or Lorna Yvonne Osterbye ever signed the Petition, Schedules or Statement of Financial Affairs which Thomas B. Woodward unilaterally filed on November 26, 2008, or on the amended documents filed by Mr. Woodward in January, 2009. In essence, the "electronic signatures" affixed by Mr. Woodward to these documents stating and representing---consistent with Rule 9011, *Federal Rules of Bankruptcy Procedure*---that the Movants had signed the Petition, Schedules, Statement of Financial Affairs and amendments thereto were forgeries just as the attorney in the *Neson* case had signed the schedules and statement of financial affairs for his clients. In this case, Mr. Woodward's November 26, 2008, filing was a legal nullity as he neither had or possessed any lawful power to sign the Petition, Schedules or Statement of Financial Affairs for the Movants nor were the Petition, Schedules or statement of Financial Affairs signed by Mr. Woodward in

        any representative capacity that was disclosed on the face of these documents. The Petition filed in this case was and is a legal nullity.

10. Similarly, the United States Bankruptcy Court for Eastern District of Missouri has held that "[t]he Local Rules and Administrative Procedures for the Bankruptcy Court for the Eastern District of Missouri and the Federal Bankruptcy Rules require a debtor's signature on the Voluntary Petition. Attorneys have a duty to advise their clients of this requirement and to take necessary steps to help their clients comply. Attorneys should never waive this requirement under the assumption that the facts of a particular situation warrant such a waiver. This requirement is absolute and there are no situations in which it shall be waived. These rules, both locally and on the federal level, do not allow for such waivers regardless of the situation." *In re: Seena Phillips,* 306 B.R. 655 (Bnktcy. E.D. Mo. 2004), affim'd in relevant part, 433 F.3d 1068 (8th Cir. 2006). In the instant case, there is no lawful ground under which this signature requirement of the Federal Rules of Bankruptcy Procedure ought to be waived. Accordingly, the filing by Mr. Woodward of the Petition is and was a legal nullity and this case is properly dismissed as improvidently filed.

11. The leading decision in this area appears to be the thorough analysis of Chief Judge Douglas O. Tice of the United States Bankruptcy Court for the Eastern District of Virginia in *In re: Sandra F. Wenk*, 296 B.R. 719 (Bnktcy. E.D. Va. 2002), in which Judge Tice considered the effect of electronic filing on the issue of a debtor's forged signature. The facts underlying the *Wenk* decision are these: In January 3, 2002, attorney James Kane filed a bankruptcy case for the debtor. Later on the same day, another bankruptcy case was filed for the debtor by another attorney. Both cases were filed by attorneys admitted to practice in the Eastern District of Virginia. Both cases were filed by attorneys using the court's electronic case filing system ("ECF"). According to attorney Kane, he had represented the debtor in a prior Chapter 7 case, and the debtor desired to file Chapter 13 to "save her home" from foreclosure. Kane, the attorney, scheduled a conference with the debtor for January 3, 2002, at 1:30 PM. Because of a snow storm, Kane became concerned that the debtor would not be able to meet with him, and accordingly telephoned his paralegal to ask her to file the petition without signatures, either his or the debtor's. Pursuant to Kane's instructions, the paralegal filed the debtor's case but due to the filing system employed by the paralegal, the electronic "signatures" of the debtor and Kane were printed on the documents filed with the court. In a memorandum of decision, Judge Tice dismissed the debtor's bankruptcy case as improperly filed. *See* attached Memorandum of Decision *(Exhibit 3).* Judge Tice also imposed sanctions upon Kane for his abuse of the ECF system. In reaching these judgments, Judge Tice stated in the opinion published at 296 B.R. 719, 724:

> Federal Rule of Bankruptcy Procedure 5005(a)(2) provides that '[a] document filed by electronic means in compliance with a local rule *constitutes a written paper* for the purpose of applying these rules, the Federal Rules of Civil Procedure made applicable by these rules, and § 107 of the Code. Fed. R. Bankr. P. 5005(a)(2) (emphasis added.) A case filed electronically is no different from a paper case filed in person at the counter. As such, the electronically filed petition must comply with Local Bankruptcy Rule 5005-1, which specifically states that "[e]ach petition filed must include an unsworn declaration with the signature of all debtors. . . ." LBR 5005-1(D)(1). . . .
>
> Also, in all electronic filings that require original signatures, verification under Federal Rule of Bankruptcy Procedure 1008 or contain an unsworn declaration as provided in 28 U.S.C. § 1746, "*original executed copies must be retained* by the filer until three (3) years after the closing of the case unless the Court order a different period . . . [and] [u]pon request of the Court, the filer must provide original documents for review." *Administrative Procedures for Filing, Signing, Retaining and Verification of Pleadings and Papers in the Case Management/Electronic Filing (CM/ECF) System (Exhibit to Standing Order No. 01-6),* II(C)(1), (Bankr. E.D. Va. Jan. 1, 2002) . . .
>
> In filing a petition electronically, the practitioner represents to the Court that he or she has secured an originally executed petition physically signed by the debtor *prior to* electronically filing the case.
>
> . . .
>
> When the petition was received, the court was presented with a document which stated on its face that the debtor had signed it, under penalty of perjury, when it was not true. This amounts to fraud. The court must consider that Kane's action of filing a petition electronically purported to have debtor's signature is no different than Kane physically forging debtor's signature and handing the petition over the counter to the clerk.
>
> Because of the novelty of electronic filing, the court has been unable to find a case that has dealt with specifically

> with electronic signatures. However, various courts have broached situations in which attorneys, believing that an impending emergency necessitated an immediate bankruptcy filing, forged a debtor's signature on the petition. *See In re: Ludwick,* 185 B.R. 238 (Bankr. W.D. Mich. 1995) (holding that an attorney's forgery of debtor's signature on a petition and dishonest testimony warranted reimbursement of attorneys fees, monetary sanctions, and suspension from practicing before the court for two years); *In re: Nesom,* 76 B.R. 101 (Bankr. N.D. Tex. 1987) (holding that attorney's forgery of debtor's signature on statement of financial affairs and schedules warranted suspension from practicing before the court for sixty days).
>
>  . . .
>
> The court understands that petitions are often filed in skeletal form and later amended; however, a debtor's signature is absolutely required even on skeletal petitions. While Local Bankruptcy Rule 5005-1 (E) provides a procedure whereby persons filing "pleadings or other papers not meeting the requirements of [the] Local Bankruptcy rules will receive a Notice of Deficient Filing allowing for ten days to correct the deficiency" before striking the pleading or other paper, this rule should not be viewed as an extension of time during which counsel can procure debtor's signature on the petition.
>
>  . . .
>
> Contrary to the argument of Kane's counsel, the purpose of debtor's signature on the petition is not merely to affirm that the information contained in the petition is true and correct. Logic dictates that only the debtor can state under oath the information provided in his or her petition is true and correct. *See In re: Harrison,* 158 B.R. 246, 248 (Bankr. M.D. Fla. 1993) (holding that 'no one can grant authority to verify under oath the truthfulness of statements contained in the documents and to verify facts that they arte true when the veracity of these facts are unique and only within the ken of the declarant'). Moreover, debtor's signature indicates debtor's consent to the bankruptcy filing, consent which can only be given by debtor.

Id. at 724 – 727 . As previously stated, Judge Tice dismissed the bankruptcy filing by attorney Kane as improperly having invoked

the court's jurisdiction predicated upon the forged signature of the debtor. This decision by the United States Bankruptcy Court for the Eastern District of Virginia strongly supports the dismissal of the instant case involving the Movants as the Movants have never signed the Petition in this case and as the Movants have never signed the Schedules or Statement of Financial Affairs that Mr. Woodward unilaterally filed without any review or inspection by the Movants.

12. This Court has issued Standing Order No. 11 (dated November 4, 2003) which incorporates by reference the published *Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means.* Section II-C addresses the issue of "signatures" as follows: "1. Signatures for the electronic filing of a petition, pleading, motion, claim or other paper by an attorney or unrepresented party who is a registered participant of the System for FRBP 9011 and other applicable rules are valid only when the filing is accomplished via their authorized system login and the PDF filed contains either a scanned image of any original signature(s) or the text "/s/ user name" where an original signature should occur. 2. Petitions, lists, schedules, statements, amendments, pleadings, affidavits, and other documents that must contain original signatures or that require verification under FRBP 1008 or an unsworn declaration as provided in 28 U.S.C. § 1746 may be filed electronically by attorneys registered in the System. Applicable retention requirements can be found in Paragraph II.M." In turn, Section II-M provides that the *originals* of all documents filed by an attorney electronically must be retained by the attorney for a period of four years from the date on which the case has been closed. Under these provisions, Mr. Woodward was obligated as an officer of this Court and the authorized under of the ECF system to (a) obtain the original signatures of the Movants on the Petition, Schedules and Statement of Financial Affairs; and (b) retain such original documents for a period of four years following the closing of the case. The failure by Mr. Woodward to obtain the actual signatures of the Movants on the papers filed by Mr. Woodward on November 26, 2008, in Case No. 2008-40859-LMK and his actual filing of these papers with the electronic signatures of the Movants was and are acts of forgery. Accordingly, this Court ought to dismiss this case as improvidently filed.

13. This case is properly dismissed as the "electronic signatures of the Movants that appear on the Petition, Schedules and Statement of Financial Affairs in this case are and were legally forgeries by Mr. Woodward of the documents necessary to properly invoke this

Court's jurisdiction of the Movants. The fact that Mr. Woodward did not physicially sign names of the Movants on the Petition, Schedules and Statement of Financial Affairs, but had the names of the Movants typed into the papers so the paper could be filed via ECF, is of no moment as under Rule 5005, *Federal Rules of Bankruptcy Procedure,* the filing by an attorney authorized to file electronic documents under the Court's ECF System is the equivalent to the lawful representation that the Movants had in fact signed the original Petition, Schedules and Statement of Financial Affairs when they had not. Dismissal is the appropriate and proper remedy for this violation of Rules 1008, 5005, and 9011, *Federal Rules of Bankruptcy Procedure.*

WHEREFORE, the Movants respectfully move the Court to enter an Order dismissing the above referenced case as improvidently filed.

> Igler & Dougherty, P.A.
>
> /S/ Mark Freund
>
> _____
>
> Mark Freund
> Florida Bar No. 314625
> Igler & Dougherty, P.A.
> Suite 1010
> 500 North Westshore Blvd.
> Tampa, Florida 33609
>
> T: 813-289-1020
> F: 813-289-1070
> mf@idlaw.biz
>
> Attorneys for movants, Paul Daniel Osterbye and Lorna Yvonne Osterbye

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I have electronically filed the above referenced document with the Clerk, United States Bankruptcy Court for the Northern District of Florida, on this 23rd day of October, 2009, and, within three (3) business day of this filing, the Bankruptcy Notification Center will furnish by electronic means or by U.S. Mail, postage prepaid, to all parties.

I HEREBY CERTIFY THAT I have served by electronic means a true and correct copy of the foregoing document and all attachments to this document upon:

        Charles F. Edwards, Esq.
        Edwards.Charles.usdoj.gov
        Assistant U.S. Trustee
        Office of United States Trustee
        110 East Park Avenue
        Tallahassee, Florida 32301

on this 23rd day of October, 2009.

        /S/ Mark Freund
        _____
        Mark Freund